CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**, <br><br>    Plaintiff, <br><br>    v. <br><br>**3 Alameda Plaza LLC**, a California Limited Liability Company; **LTMP, Inc.**, a California Corporation; **Daiso California LLC**, a California Limited Liability Company; and Does 1-10, <br><br>    Defendants. | **Case No**. <br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Chris Langer complains of Defendants 3 Alameda Plaza LLC, a California Limited Liability Company; LTMP, Inc., a California Corporation; Daiso California LLC, a California Limited Liability Company; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a

Complaint

specially equipped van with a ramp that deploys out of the passenger side of his van and he has a Disabled Person Parking Placard issued to him by the State of California.

2. Defendant 3 Alameda Plaza LLC owned the real property located at or about 333 South Alameda Street, Los Angeles, California, in February 2018.

3. Defendant 3 Alameda Plaza LLC owns the real property located at or about 333 South Alameda Street, Los Angeles, California, currently.

4. Defendant Daiso California LLC owned the Daiso market located at or about 333 South Alameda Street, Los Angeles, California, in February 2018.

5. Defendant Daiso California LLC owns the Daiso market located at or about 333 South Alameda Street, Los Angeles, California, currently.

6. Defendant LTMP, Inc. owned the Little Tokyo Market Place located at or about 333 South Alameda Street, Los Angeles, California, in February 2018.

7. Defendant LTMP, Inc. owns the Little Tokyo Market Place located at or about 333 South Alameda Street, Los Angeles, California, currently.

8. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

Complaint

**JURISDICTION & VENUE:**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

12. Plaintiff went to Daiso and Little Tokyo Market Place in February 2018 to shop.

13. Daiso and Little Tokyo Market Place are facilities are open to the public, places of public accommodation, and business establishments.

14. Parking spaces are one of the facilities, privileges and advantages offered by Defendants to patrons of Daiso and Little Tokyo Market Place.

15. Unfortunately, during Plaintiff's visit, there were not enough accessible parking spaces in the parking lot serving Daiso and Little Tokyo Market Place.

16. The parking lot where Daiso and Little Tokyo Market Place are located has five levels with a total of 590 total parking spaces allocated to the public.

17. Of those 590 parking spaces, eight of them are reserved and marked for persons with disabilities. However, a minimum of 12 parking spaces marked and reserved for persons with disabilities is required.

18. On the day of plaintiff's visit, he was unable to find any open parking spaces marked and reserved for persons with disabilities.

Complaint

19. On information and belief, plaintiff alleges that the defendants previously had more accessible parking available at Daiso and Little Tokyo Market Place. Unfortunately, the parking spaces either faded beyond recognition or were paved over.

20. Additionally, none of the south parking lot spaces (about 100 parking spaces) reserved exclusively for Little Tokyo Market Place were marked and reserved for persons with disabilities during Plaintiff's visit.

21. On information and belief, Plaintiff alleges that the defendants once had an accessible parking space marked and reserved for persons with disabilities in the parking lot serving Little Tokyo Market Place. Unfortunately, the parking space was allowed to fade or get paved over.

22. Defendants do not have policy or procedure to ensure that parking spaces reserved for persons with disabilities remain useable.

23. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

24. Plaintiff personally encountered this barrier.

25. This inaccessible parking lot denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

26. As a result of not being able to park safely, Plaintiff had to shop elsewhere.

27. Check stands are another one of the facilities, privileges, and advantages offered by Defendants to patrons of Little Tokyo Market Place.

28. Meanwhile, even though Plaintiff did not personally confront the barrier, the check stand counters are 42 inches in height, which is not accessible to wheelchair users.

29. Plaintiff plans to return and patronize the Daiso and Little Tokyo Market Place but will be deterred from visiting until the Defendants remove the

Complaint

barriers.

30. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

31. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

32. For example, there are numerous paint/stripe companies that will stripe other parking stall and access aisle and install proper signage on short notice and for a modest price, sometimes as low as $300, in full compliance with federal and state access standards.

33. Another common barrier removal project is modifying transaction counters to make a portion of the counter accessible. This is a simple construction task, well within the capabilities of any general contractor. The task can be completed easily and for a modest price.

34. Plaintiff is and has been deterred from returning and patronizing Daiso and Little Tokyo Market Place of his knowledge of the barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize Daiso and Little Tokyo Market Place as a customer once the barriers are removed.

35. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that

Complaint

the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

36. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

37. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

38. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those

Complaint

      services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

  b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

  c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

39. Any business that provides parking spaces must provide a sufficient number of handicap parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. According to the 1991 Standards, if a parking lot has 590 spaces, it must have 12 accessible parking spaces. 1991 Standards § 4.1.2(5)(a). Under the 2010 Standards, a parking lot with 590 spaces must have 12 accessible spaces. 2010 Standards § 208.2 and 2 of them must be van accessible. Id. at 208.2.4.

40. Here, there was an insufficient number of parking spaces marked and reserved for persons with disabilities at Daiso and Little Tokyo Market Place.

41. Any business that provides parking spaces must provide a sufficient number of handicap parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. The required minimum number of handicap parking spaces is dependent on the total number of parking spaces available. *Id.* According to the 1991 Standards, if a parking lot has 1-25 spaces, it must have at least 1 accessible parking space. 1991 Standards § 4.1.2(5)(a). And 1 in every 8 of

Complaint

those accessible parking spaces, but not less than 1, must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, a parking lot with 1-25 spaces must have at least 1 accessible space and 1 of them must be van accessible. 2010 Standards § 208.2 & § 208.2.4.

42. Here, the failure to provide accessible parking spaces in the parking lot exclusively reserved for Little Tokyo Market Place is a violation of the ADA.

43. In areas used for transactions where check-out counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is no more than 38 inches in height. Additionally, the top of the lip shall not exceed 40 inches above the finish floor. 1991 Standards § 7.3. 2010 Standards § 904.3.2.

44. Here, no such accessible counter has been provided at Little Tokyo Market Place is provided in violation of the ADA.

45. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

46. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

47. Given its location and options, plaintiff will continue to desire to patronize Daiso and Little Tokyo Market Place but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

48. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

49. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code, § 51(f); Arnold v. United Artists Theatre Circuit, Inc., 866 F.Supp. 433, 439 (N.D.Cal.1994).

50. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

51. Defendants' acts and omissions, as herein alleged, have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

52. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: March 26, 2018          CENTER FOR DISABILITY ACCESS

By: _____
Chris Carson, Esq.
Attorney for plaintiff

Complaint